**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Jennifer Larson, Civil File No. 00-2713 DWF/AJB

Plaintiff,

vs.

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

Jon R. Hawks, Ltd.,

Defendant.

---

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on the motion of defendant Jon R. Hawks, Ltd. for dismissal pursuant to Fed. R. Civ. P. 12, and alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56 [Docket No. 4]. Hearing on the motion was held on March 29, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Peter F. Barry, Esq., appeared on behalf of plaintiff Jennifer Larson. Jon R. Hawks, Esq., appeared on behalf of the defendant, Jon R. Hawks, Ltd. The matter has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. §636(b)(1).

Defendant in this matter presently seeks partial dismissal of an amended complaint.[1] The initial complaint contained a single count alleging violations of several

[1] Defendant's motion to dismiss under Fed. R. Civ. P. 12 was served on or about January 4, 2001. Plaintiff's amended complaint is dated January 25, 2001. The Rule 12 motion was in lieu of responsive pleading and no answer to the original complaint was filed. Fed. R. Civ. P. 15(a) permits a party to amend a pleading once as a matter of course before a responsive pleading is served. Defendant has not asserted any direct opposition to the filing of the amended complaint, though a general objection to allowance of continued amendments is expressed. Instead, defendant filed an answer to the first amended complaint contemporaneously with the filing of a reply brief in which the dismissal motion is adapted to directly seek dismissal of only Count I of the amended complaint. As a consequence of defendant having served and filed an



FILED JUN 21 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD____________
DEPUTY CLERK____________

provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. Defendant served a motion to dismiss in lieu of an answer and plaintiff thereafter filed an amended complaint which contained additional factual and legal allegations relating to the original Count I. The amended complaint added a second designated count, therein alleging invasion of privacy by intrusion on seclusion. Defendant does not assert any formal objection to the amended complaint and concedes the existence of material fact issues that would preclude summary judgment on Count II. However, defendant continues the request for dismissal of Count I of the amended complaint. For the reasons discussed below, it is recommended that defendant's motion to dismiss be denied in part and granted in part.

**BACKGROUND**

Defendant Jon R. Hawks, Ltd. is in the business of collecting debts on behalf of creditor clients. With respect to claims in this case, plaintiff Jennifer Larson wrote two checks which were dishonored and became the subjects of defendant's collection efforts. The first check, dated January 14, 2000, was written in the amount of $30.00 to Holiday Station No.107. The second check, dated January 25, 2000, was written to Speedway SuperAmerica No. 4420 in the amount of $29.41. In furtherance of collection efforts defendant sent separate letters to the plaintiff regarding the two checks. Each letter identified the pertinent check and contained a "Total Settlement Offer" which included a $20.00 service charge and a $100.00 civil penalty, added to the applicable check amount. Each letter also contains a narrative discussion on the

---

answer, the Rule 12 motion is properly construed as a Rule 12(c) motion for judgment on the pleadings. The answer alleges an affirmative defense of failure to state a claim upon which relief can be granted. This Report and Recommendation addresses the claims as alleged in the amended pleading.

nature of the offer.[2] Plaintiff argues that the collection letters violate various provisions of the FDCPA and that the amended complaint adequately states her claims. In particular, plaintiff contends that the defendant's collection letters improperly misrepresent the extent of the debtor's liability for a $100.00 civil penalty under Minn. Stat. § 332.50.

In addition to claims arising out of the collection letters, plaintiff alleges in Count II that defendant violated the FDCPA by contacting her by telephone at 9:15 p.m., on September 18, 2000, and leaving a voice mail message. Plaintiff contends that such contact was made at an impermissible time, in violation of the FDCPA, and was further in violation of a prohibition against contacting a debtor who was known to be represented by an attorney. Defendant denies the factual allegations relating to Count II but does not move for dismissal of the invasion of privacy count.

## DISCUSSION

**Standard of Review**

**Motion to dismiss.** Defendant moves generally to dismiss plaintiff's claim under Fed. R. Civ. P. 12, and alternatively under Rule 56. Though the provision allowing dismissal under Rule 12 is not explicitly identified, the defendant's motion pleadings and answer allege the

---

[2] The letters state: "this is NOT a demand for payment and you are NOT required to pay the Total Settlement Offer. This is an Offer of Settlement. You may accept or reject this offer. Although Minn. Stat. Sec. 332.50 Subd. 2(b) permits a payee or holder to make written demand for payment of the check amount, plus the maximum civil penalty ($100.00 or the check amount, whichever is greater), you are NOT required to pay the Settlement Amount and may reject this offer. However, be advised that our client specifically reserves the right to revoke this offer at any time after expiration of 30 days from the date of this letter. Payment by money order, cashier's check, or authorized bank debit is required. Your remittance of the Total Settlement Offer will be accepted as full satisfaction of this claim. The merchant's cause of action for additional damages, if any, will be waived, and we will notify CHECKRITE to remove your bank account data from their nation-wide verification network."

Rule 12(b)(6) defense of failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c) provides authority for a motion for judgment on the pleadings. Rule 12(c) states that a motion for judgment on the pleadings shall be treated as a motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court. However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. Piper Jaffray v. National Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997) citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D.Minn. 1996). See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997). The only operative extraneous documents that have been offered for consideration by the Court, and which the Court has indeed reviewed with respect to this motion, are two documents entitled "OFFER OF SETTLEMENT" which are attached as exhibits to the amended complaint[3] and are necessarily embraced within the pleading. Both the defendant and plaintiff have submitted additional affidavits and exhibits which the Court has excluded and declines to consider with respect to any fact issues.[4] Defendant's motion for dismissal shall be treated as a motion for judgment on the pleadings based upon failure to state a cause of action and will not be converted into a motion for summary judgment. A case

---

[3] Both parties have filed additional affidavits with exhibits that include various court decisions, pleadings which have been filed in this or a related action, and settlement related correspondence between the parties. Such submissions are indicative of the increasingly common and "unfortunate trend" whereby Rule 12 motions must be converted to pre-discovery, and essentially premature, summary judgment motions. Piper Jaffray v. National Union Fire Insur. Co., 967 F.Supp. 1148, 1153.

[4] Any reference by the Court to any case opinions and memorandums which are submitted as exhibits is for purposes of stating legal precedent, and not as factual support for any contentions raised in the motion arguments.

should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992), citing Conley v. Gibson, 78 S.Ct. 99, 101-02 (1957).

**Amended Complaint**

The amended complaint contains a section designated "Factual Allegations" which includes: (1) various assertions of pure fact which are the underlying basis of the claims in this case, e.g. a checks were written and dunning letters were sent; (2) factual conclusions which conform to certain elements of the statutory provisions at issue, e.g. the check was written for "personal, family or household purposes;" and (3) allegations of specific statutory violations, e.g. collection actions in violation of Minn. Stat. § 332.50, 15 U.S.C. § 1692e, and other FDCPA provisions. The factual allegations can otherwise be categorized as relating to one or another of three separate actions by defendant. Those distinct actions were: (1) the effort to collect on a check written to a Holiday Station Store; (2) the effort to collect on a check written to Speedway SuperAmerica; and (3) a late evening phone call placed to plaintiff for purposes of collection on one or both of the above-described checks. Finally, the statement of "Claims" alleges two separate actions, the first count citing several violations of numerous FDCPA provisions,[5]

[5] The cited provisions of **15 U.S.C. § 1692e** state: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> **(10)** The use of any false representation or deceptive means to collect or attempt

to collect any debt or to obtain information concerning a consumer.

The cited provision of **15 U.S.C. § 1692f** states: A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of the section:

> **(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

The cited provision of **15 U.S.C. § 1692c** states:

**(a)** Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–

> **(1)** at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;
>
> **(2)** if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

The cited provision of **15 U.S.C. § 1692g** states:

**(a)** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

> **(1)** the amount of the debt.

The cited provisions of **15 U.S.C. § 1692d** state: A debt collector may not engage

independently and by reference to the factual allegations, and the second count charging a cause of action based upon invasion of privacy. It appears that each of the various factual allegations are pertinent in some degree to the Count I statutory claims while the Count II invasion of

---

in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> **(2)** the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> **(6)** Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Other statutory provisions which are cited in the amended complaint and are particularly relevant to the discussion on the motion presently before the Court include the definition of "debt" in **15 U.S.C. § 1692a** which provides:

> **(5)** The term "debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

and **Minn. Stat. § 332.50 Subd. 2** which states: Whoever issues any check that is dishonored is liable for the following penalties:

**(b)** If the amount of the dishonored check is not paid within 30 days after the payee or holder has mailed notice of dishonor pursuant to section 609.535 and a description of the penalties contained in this subdivision, whoever issued the dishonored check is liable to the payee or holder of the check for:

> **(1)** the amount of the check, the service charge as provided in paragraph (a), plus a civil penalty of up to $100 or the value of the check, whichever is greater . . . A payee or holder of the check may make a written demand for payment of the civil liability by sending a copy of this section and a description of the liability contained in this section to the issuer's last known address. . . .

privacy claim is based primarily upon alleged telephone contacts made on September 18, 2000, for purposes of collection.

**Grounds for Dismissal**

Defendant acknowledges the existence of genuine issues of material fact regarding the alleged telephone contacts of September 18, 2000, and therefore is not presently seeking judgment of dismissal on Count II of the amended complaint. Furthermore, to the extent that Count I alleges violation of 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(2), 1692d, 1692d(2), and 1692d(6), the existence of the same material fact issues regarding alleged telephone contacts would preclude dismissal, unless, as defendant alleges, the claims do not relate to collection on a consumer debt. With respect to other FDCPA claims, defendant argues that as a matter of law the references to the $100 civil penalty as described in the collection letters does not establish a violation of Minn. Stat. §332.50 or the FDCPA, and that under the FDCPA the plaintiff has no cause of action for violation of the Minnesota statute. Finally, defendant asserts bona fide error as a defense to any claim of strict liability under the FDCPA.

**Consumer Debt.** The provisions of the FDCPA which plaintiff alleges to have been violated by defendant's collection activities prohibit various practices relating to collection of a debt. Pursuant to 15 U.S.C. § 1692a(5), a debt is any obligation of a consumer arising out of a transaction made primarily for personal, family, or household purposes. Defendant argues that the plaintiff must properly allege that the underlying debt involved a consumer transaction and observes that the amended complaint includes the explicit allegation that the Holiday Store check was written "primarily for personal, family, or household purposes," but does not contain the same explicit allegation concerning the Speedway SuperAmerica check. With respect to the

alleged telephone contact of September 18, 2000, the amended complaint offers no indication as to whether one or both checks were the subject of the contact, and the reasonable inference is that the contact was, at least to some degree, for purposes of collection on a consumer debt. However, to the extent that plaintiff's claims relate solely to the dishonored Speedway SuperAmerica check and the resulting collection letter from the defendant, the amended complaint does not allege that the check was written to obtain money, property, insurance or services to be used primarily for personal, family, or household purposes.

The court held in Cederstrand v. Landberg, 933 F.Supp. 804 (D.Minn. 1996), that the failure to allege any transaction, or to allege that defendant was attempting to collect a "debt" as defined by the FDCPA, was fatal to the complaint. In addition, the Court determined that the failure to allege that any underlying transaction was undertaken "primarily for personal, family, or household purposes," is a failure to state a claim upon which relief may be granted, even if a dishonored check is considered a "debt" under 15 U.S.C.§1692a(5). See Duffy v. Landberg, 133 F.3d 1120, 1123 (8th Cir. 1998)("Duffy I"). The court in Sonmore v. CheckRite,[6] distinguished Cederstrand in reaching the conclusion that a complaint satisfied the notice pleading requirements of Fed. R. Civ. P. 8(a) where it was stated that the debt was "consumer debt," and the record further identified the subject of the transaction, i.e. gasoline, as property used primarily for personal, family, or household purposes. The mere description of the plaintiff as a "consumer" is insufficient, Cederstrand at 806, though a complaint might be saved by identification of the property or other subject of the transaction out of which the debt arose.

---

[6] Minnesota District Court Civil File No. 99-2039 DDA/FLN. Order dated October 25, 2000. Hawks Affidavit, Sonmore v. CheckRite, Exh. No. 5.

Plaintiff's amended complaint alleges a broad array of statutory claims under the aegis of Count I and separately alleges a variety of factual allegations which, as noted above, can each be assigned to one of three events, i.e. the Holiday Store check, the Speedway SuperAmerica check, or the September 18, 2000, phone call. In effect, Count I purports to allege a multitude of violations which must be differentiated by reference back to the statement of factual allegations that is incorporated by reference. As a result of the construction of the amended complaint, the survival of Count I claims may be piecemeal and is determined on the basis of the allegations relating to the separate offending collection activities. Therefore, Count I of the amended complaint should be dismissed to the extent it alleges any violations of the FDCPA arising out of collection efforts undertaken in connection with a dishonored check written to Speedway SuperAmerica in the amount of $29.41. Paragraph 10 and subsequent paragraphs should be interpreted to preclude any FDCPA claims arising out of the Speedway SuperAmerica check, and paragraph 13 should be stricken from the amended complaint. The Court finds no construction of the provisions of the amended complaint, viewed independently or in conjunction with one another, including allowance for reasonable inferences favorable to the claim, that can be interpreted as an allegation that the SuperAmerica check represents a consumer debt arising out of a transaction involving money, property, insurance or services, or that the transaction was primarily for personal, family, or household purposes. When directly faced with opposition to the complaint on this basis the plaintiff amended the complaint to allege this element with respect to one check and utterly failed to include a corresponding allegation with respect to the second check. Whether the omission was by intent or mistake is not apparent on the present record, but the effect is the same and partial dismissal for failure to allege an essential

element is appropriate.

**FDCPA Claims Arising out of Minnesota Law.** Several of plaintiff's claims of statutory violation are based upon the allegation that two certain letters, each entitled "OFFER OF SETTLEMENT,"[7] constituted an attempt to collect a $100.00 civil penalty in violation of Minn. Stat. § 332.50 and provisions of the FDCPA. Plaintiff also contends that defendant is not entitled to make a demand for the civil penalty because it is not a payee or holder under the statute; a copy of the Minnesota statute was not provided with the demand; notification of additional penalties was not provided; and defendant failed to provide notice that interest on judgments may be payable. Defendant moves to dismiss the amended complaint, asserting that as a matter of law the letters do not demand payment for an amount that is not authorized by Minnesota law, and whether Hawks is a payee or holder of the dishonored checks it is not a relevant issue. Defendant further insists that plaintiff has no private cause of action under Minn. Stat. § 332.50 and the required notices are not implicated because its letters cannot be construed as demands for payment.

15 U.S.C. § 1692e generally prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt. Duffy v. Landberg, 215 F.3d 871, 873 (8th Cir. 2000)("Duffy II"). Unfair means of collecting debt includes collection of any amounts incidental to the principal obligation unless expressly authorized by the agreement underlying the debt or permitted by law. Id. It is a violation of federal law to threaten to take any action that cannot legally be taken, 15 U.S.C. § 1692e(5), and in determining whether a debt collection letter violates the FDCPA, the letter must be "viewed

---

[7] Amended Complaint, Exh. No. 1 and 2.

through the eyes of the unsophisticated consumer." Duffy v. Landberg, 215 F.3d at 873 (citing Jang v. A.M. Miller and Assoc., 122 F.3d 480, 483 (7th Cir. 1997).

Upon review of the "settlement" letters[8] sent by Hawks to the plaintiff this Court cannot find as a matter of law that those documents do not contain misleading representations made in connection with the collection of a debt, particularly as perceived by a person who is inexperienced in legal matters. While each document states that is not a demand for payment and the recipient is not required to pay the total settlement offer, the letters can easily leave the impression that a civil penalty is immediately chargeable and the full $100.00 civil penalty is the amount which will be payable if the matter is decided pursuant to a court judgment. That is not a accurate representation of Minnesota law and the letter is not in a form that unequivocally relieves the debt collector of liability under the FDCPA with respect to the civil penalty claim. Duffy v. Landberg, 215 F.3d at 874. In addition, the Court finds no merit whatsoever to the contention that violation of the FDCPA is conditioned upon the existence of a private cause of action under Minn. Stat. § 332.50. A federal cause of action based upon 15 U.S.C. § 1692e(5) may arise out of "[t]he threat to take any action that cannot legally be taken." Picht v. John R. Hawks, Ltd., 236 F.3d 446, 448 (8th Cir. 2001). The availability of a private cause of action under state law is not a condition, in addition to illegality of the action, that is imposed by the federal statute.

Plaintiff has made additional allegations through which she contends that defendant is not a payee or holder entitled to make a demand for payment of a civil penalty,

---

[8] The two letters at issue are identical except as they reflect differences in check amounts and the different merchants to whom the checks were written.

defendant failed to provide defendant with the amount of the debt, and defendant failed to provide a copy of Minn. Stat. § 332.50 or provide notification of additional civil penalties and interest that might be imposed. Plaintiff has not moved for summary judgment on these claims and defendant references extraneous evidence, i.e. a statutory "Notice of Dishonor," with respect to the notice issues. These matters are not ripe for determination on the present motion to dismiss. To the extent that Hawks contends that the "OFFERS OF SETTLEMENT" themselves effectively dispel claims regarding defendant's status as a payee or holder and failure to provide necessary notices, or that the law simply does not require that a settlement offer convey the particular notices suggested by plaintiff, a decision would entail a sentence by sentence evaluation of the collection letter. While examination of the pleadings and evidence for purposes of clarifying and delineating issues for trial is a appropriate undertaking on a motion for summary judgment, Fed. R. Civ. P. 56(d), on a motion for Rule 12 dismissal, prior to any significant discovery, such a gesture carries the unacceptable potential of leading to a cursory and poorly-focused decision. Indeed, it appears that defendant is seeking a general judicial approval of the offer of settlement as a collection tool. Such a blessing should not be the product of a motion for dismissal in this case.

**Bona Fide Error.** Defendant Hawks contends that as a matter of law it cannot be liable for the alleged FDCPA violations because any such violations that might have occurred were not intentional and were the result of a bona fide error. 15 U.S.C. § 1692k(c) provides that a debt collector may not be held liable if it can show by a preponderance of evidence that any violation was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Hawk's defense on this issue is

premised on the argument that it was properly relying upon the existing state of the law when the offending collection actions occurred. Defendant asserts that as a matter of law it cannot be held liable through retroactive application of appellate court decisions which reverse District Court holdings to the effect that the actions at issue were permissible under the FDCPA.

In its recent decision in Picht v. John R. Hawks, Ltd., 236 F.3d 446 (8th Cir. 2001),[9] the Eighth Circuit discussed the application of the bona fide error defense with regard to mistakes in legal judgment or interpretation of statute, Id. at 451-52, therein stating that "reliance on the advice of counsel or a mistake about the law is not protected by" the bona fide error defense. Id. at 451, quoting Hulshizer v. Global Credit Servs., Inc, 728 F.2d 1037, 38 (8th Cir. 1984). The court further stated that Hulshizer remains the law of this Circuit. Picht at 452. In making its argument on the bona fide error defense the defendant appears to suggest that this Court simply ignore the clear and directly applicable discussion in Picht in order to accommodate defendant's bona fide error theory. It would seem that defense counsel does not fully appreciate the significance of Circuit Court opinion addressing circumstances and argument which cannot be meaningfully distinguished. As defendant was recently advised by the appellate court in Picht, the bona fide error defense is not available to Hawks on the basis of the particular error that is alleged in this instance, and more particularly, defendant is not entitled to dismissal of plaintiff's FDCPA claims on the basis of the bona fide error defense. 15 U.S.C. § 1692k(c).

---

[9] The Eighth Circuit's decision in Picht v. John R. Hawks, Ltd. was issued after defendant served its motion to dismiss in this matter, but before plaintiff responded to the motion to dismiss. Defendant does make reference to the decision in Reply Memorandum argument. Counsel also advises the Court that the proper spelling of Hawks' forename is "Jon."

**RECOMMENDATION**

For the reasons stated above, it is hereby **recommended** that defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12 be **granted in part and denied in part** [Docket No. 4]. The amended complaint is **dismissed** to extent that FDCPA violations are alleged with respect to efforts to collect on a check dated January 25, 2000, written to Speedway SuperAmerica, in the amount of $29.41.

Dated: 6/21/01

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before July 5, 2001.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.